**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

LAUREN MARIE BARBIERO; et al.,

          Plaintiffs-Appellants,

  v.

CHARLES SCHWAB INVESTMENT
ADVISORY, INC.; THE CHARLES
SCHWAB CORPORATION,

          Defendants-Appellees.

No.   22-15932

D.C. No. 4:21-cv-07034-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 9, 2023[**]
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and LYNN,[***] District Judge.

Lauren Barbiero and other named plaintiffs appeal the district court's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

dismissal of their putative class action complaint against Charles Schwab Investment Advisory, Inc. and Charles Schwab Corporation (collectively, "Schwab") as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Reviewing de novo, *see Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 904 F.3d 821, 828 (9th Cir. 2018), we affirm.[1]

Plaintiffs' state law claims involve Schwab's handling of plaintiffs' assets in their Schwab Intelligent Portfolios ("SIP") accounts. Plaintiffs contend that by over-concentrating clients' assets in cash, Schwab imposed an "undeclared fee" and contravened clients' investment objectives. Thus, even though misrepresentation is not an element of all of the plaintiffs' causes of action, the gravamen of the claims is "a deceptive practice actionable under federal securities law." *Fleming v. Charles Schwab Corp.*, 878 F.3d 1146, 1154 (9th Cir. 2017).

Plaintiffs argue that any misrepresentations and omissions were not, however, "material to a decision by one or more individuals (other than the fraudster) to buy or sell a 'covered security,'" *Chadbourne & Park LLP v. Troice*, 571 U.S. 377, 387 (2014) (quoting 15 U.S.C. § 78bb(f)(1)(A)), taking this case out of SLUSA's class action bar. However, plaintiffs allege that the deceptive conduct here directly affected the "trading strategies" in their SIP accounts, not just their decision to keep those accounts open or their relationship with Schwab. *Compare*

---

[1] The unopposed motion for judicial notice, Dkt. 10, is **GRANTED**.

2

*Anderson v. Edward D. Jones & Co.*, 990 F.3d 692, 705–07 (9th Cir. 2021).[2] The fact that Schwab, rather than plaintiffs themselves, did the actual buying and selling of securities—assuming this argument is not forfeited—is inapposite because the complaint makes plain that plaintiffs had control over Schwab's decision to buy and sell securities on plaintiffs' behalf. *Compare Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1051–55 (9th Cir. 2019) (holding that SLUSA's "in connection with" requirement was not satisfied because defendant was not plaintiffs' agent and plaintiffs "had no control over how [defendant] invested the trust's assets"). We thus agree with the district court that SLUSA precludes the plaintiffs' claims.

Finally, the district court did not abuse its discretion in declining to grant leave to amend. It is clear on de novo review that the plaintiffs' complaint could not be saved by amendment. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). No amendment would change the conclusion that "deceptive statements or conduct form the gravamen or essence of the claim." *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013); *compare id.* at 1116 (finding that "references to . . . knowing concealment and

---

[2] The amended complaint belies the contention that the claims are just about cash. Given the options in SIP accounts—cash allocations and covered securities—an argument that accounts were over-concentrated in cash is an argument that covered securities should have been traded differently.

3

wrongful conduct" were "irrelevant to" plaintiffs' breach of contract claims).

Thus, we cannot say that the district court abused its discretion.

**AFFIRMED.**